**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
  Richmond   Division**

In re:  Rita Faye Greenwood             )
                                        )
                                        )
                                        ) Case No. 14-32867-KRH
                                        )
                                        )
                                        ) Chapter   13
Debtor(s)                               )
4800 Sydclay Dr.                        )
Henrico, VA 23231                       )
                                        )
Last four digits of Social Security No(s).: 8178  )
                                        )
                                        )

# NOTICE OF MOTION (OR OBJECTION)

Debtor(s) have filed papers with the court to Continue the Automatic Stay.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion (or objection), or if you want the court to consider your views on the motion (or objection), then on or before June 12, 2014, you or your attorney must:

[ X ]    File with the court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(H)]. If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

        Clerk of Court
        United States Bankruptcy Court
        701 East Broad Street
        Richmond, VA 23219

You must also mail a copy to:

        America Law Group, Inc.
        Debt Law Group
        2800 N Parham Rd, Ste 100
        Henrico, VA 23294

[ ]   Attend a hearing to be scheduled at a later date.  You will receive separate notice of hearing.  **If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.**

**[X]**   Attend the hearing on the motion (or objection) scheduled to be held on June 18, 2014 at 10:30 a. m. at United States Bankruptcy Court,  701 East Broad Street, Crtrm 5000  Richmond, VA 23219.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date:  5/29/2014

Signature, name, address, and telephone number of person giving notice:
/s/ Jessica Fellows
Jessica Fellows, Esq.   VSB 82095
America Law Group, Inc.
Debt Law Group
2800 N Parham Rd, Ste 100
Henrico, VA 23294
Counsel for    Rita Faye Greenwood

Certificate of Service

I hereby certify that I on May 29, 2014, I have mailed or hand-delivered a true copy of the foregoing Notice of Motion (or Objection) to the parties listed on the attached service list.

/s/ Jessica Fellows
Jessica Fellows, Esq.

### Creditors

**Atlas Acquisitions**
294 Union St
Hackensack, NJ 07601-0000

**Atlas Acquisitions LLC**
294 Union St.
Hackensack, NJ 07601

**Avon Products**
Collection Dep't
PO Box 105541
Atlanta, GA 30348-0000

**Cawthorn Picard Rowe Deskevich**
& Gavin
8310 Midlothian Turnpike
Richmond, VA 23235-0000

**Cawthorn, Deskevich & Gavin**
9701 Metropolitan Court,
Suite C
Richmond, VA 23236-0000

**Chaz Dean**
PO Box 361448

Des Moines, IA 50336-0000

**Cold Harbor Family Medicine**
7255 Hanover Green Dr
Mechanicsville, VA 23111-0000

**County of Henrico**
attn: Rhysa G South
PO Box 90775
Henrico, VA 23273-7032

**Eastern Account System**
Po Box 837

Newtown, CT 06470-0000

**Focused Recovery Solut**
9701 Metropolitan Ct Ste
North Chesterfield, VA 23236-0000

**Henrico Doctors Hospital**
PO Box 13620
Richmond, VA 23225-0000

**Internal Revenue Service**
Insolvency Unit
PO Box 21126
Philadelphia, PA 19114-0000

**Internal Revenue Service**
400 N 8th Street
Stop Room 898
Richmond, VA 23219-0000

**Jefferson Capital Systems**
PO Box 953185
Saint Louis, MO 63195-3185

**Lee Davis Mini Storage**
6052 Mechanicsville Tnpk
Mechanicsville, VA 23111-0000

**Metabnk/fhut**
6250 Ridgewood Roa
Saint Cloud, MN 56303-0000

**Midland Funding**
8875 Aero Dr
San Diego, CA 92123-0000

**National Credit Adjusters**
PO Box 3023
327 W 4th St
Hutchinson, KS 67504-3023

**Nco Fin /99**
Po Box 15636
Wilmington, DE 19850-0000

**North shore Agency**
9525 Sweet Valley Dr, Bldng A
Cleveland, OH 44125-0000

**Nrthn Resol**
Po Box 566
Amherst, NY 14226-0000

**Prestige Financial Svc**
Attn: Bankruptcy Department
Po Box 26707
Salt Lake City, UT 84126-0000

**Prof Pl Svc**
Attn: Crissy
Po Box 612
Milwaukee, WI 53201-0000

**Richmond Diabetes and Endocrin**
7229 Forest Ave
Richmond, VA 23226-0000

**Salute/utb**
Card Services
Po Box 105555
Atlanta, GA 30348-0000

**SCI**
P.O. Box 85005
Richmond, VA 23285-0000

**Sunrise Credit Services**
PO Box 9168
260 Airport Plaza
Farmingdale, NY 11735-0000

**Trident Asset Manageme**
5755 Northpoint Pkwy Ste
Alpharetta, GA 30022-0000

**Verizon Ny**
Attn: Bankruptcy Dept
Po Box 3397
Bloomington, IL 61702-0000

**Verizon Wireless**
PO Box 25505
Lehigh Valley, PA 18002-5505

**Virginia Department of Taxatio**
PO Box 2156
Richmond, VA 23218-0000

**Wellsfargo**
7711 Plantation Ro
Roanoke, VA 24019-0000

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In re:

    Rita Faye Greenwood

                                        Case No. 14-32867-KRH

    Debtor(s)                                  Chapter 13

**MOTION TO CONTINUE AUTOMATIC STAY AND**
**MEMORANDUM IN SUPPORT THEREOF**

      **COMES NOW** the Debtor(s), by counsel, and offer the following Memorandum in Support of Debtor(s)' Motion to Continue Automatic Stay:

**JURISDICTION**

      1.  Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor(s).

      2.  This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

      3.  Venue is proper pursuant to 28 U.S.C. §1409.

**BACKGROUND FACTS**

      4.  On 5/23/2014 (hereinafter the "Petition Date") , the Debtor(s) filed in this Honorable Court a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 et seq. (the "instant case").

      5.  Robert Hyman was appointed to serve as Chapter 13 trustee in this case (the "Trustee").

      6.  Within the year prior to filing the instant case, Debtor(s) have been Debtor(s) in one (1) pending Chapter 13 bankruptcy case (the "previous case"), which was filed on 6/28/2012 and dismissed on 2/28/2014. (Case No. 12-33913). Debtor(s) have previously filed a Chapter 7 bankruptcy case (the "second previous case"), which was filed on 2/23/2008 and discharged on 6/2/2008 (Case No. 08-30827).

7. The previous case was dismissed by the court for failure to make plan payments and an inability to cure the default.

## FACTS OF THE INSTANT CASE

8. In the instant case, Debtor(s) have proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $370.00 per month, for a period of fifty-seven months. Other than administrative expenses, the Plan proposes the following:

   a. To pay the secured claim of $6,658.48.
   b. To pay to the priority unsecured creditors $7,278.21.
   c. To pay a dividend to non-priority unsecured creditors of 5.00%, which claims are estimated to be approximately 34,511.08.

## DISCUSSION

9. Because the instant case was filed within one (1) year of the dismissal of the previous case, the automatic stay will expire in the instant case on June 21, 2014, unless the Court extends the automatic stay pursuant to 11 U.S.C. §362 (c)(3)(A) and (B).

10. Pursuant to the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the Debtor(s) must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay pursuant to 11 U.S.C. §362 (c)(3)(B).

11. If the Court finds grounds for presuming the instant case was filed "not in good faith" §362(c)(3)(C) would impose a burden on Debtor(s) to overcome such presumption and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtor(s) must merely prove good faith by a preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B. R. 268, 273 (Bankr. M.D.N.C. 2006)

12. Within the context of motions to continue the automatic stay pursuant to

§362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007) instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created §362(c)(3). Chaney at 694.

13. Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia,* "the percentage of proposed repayment, the Debtors' financial situation, the period of time the payment will be made, the Debtors' employment history and prospects, the nature and amount of unsecured claims, the Debtors' past bankruptcy filings, the Debtors' honesty in present facts, and any unusual or exceptional problems facing the particular Debtors." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982). The focus of the inquiry is "to determine whether or not, considering 'all militating factors,' there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld, 794 F.2d at 152, *citing* Deans at 972 and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

14. In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to §362(c)(3),

> "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a find that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13"

Chaney at 694.

## ARGUMENT

15. In the case *sub judice*, there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor(s) must prove by clear and convincing evidence that the instant case was filed in good faith.

16. In the instant case, the Debtor(s) have acted in good faith, and Debtor(s) Requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor(s) and Debtor(s)' property, and as to the property of the estate for the duration of

the instant case. In support thereof, Debtor(s) submit an Affidavit, which is attached hereto as Exhibit "A' and incorporated hereby by reference thereto.

17. Applying the <u>Neufeld</u> factors to the Debtor(s)' circumstances and to this case leads to the following conclusions:

   a. *Percentage of proposed repayment* – The Plan proposes to pay a dividend of 5.00% to non-priority unsecured creditors. Such creditors would receive a dividend of 0.00% if Debtor(s) were to file a Chapter 7 bankruptcy case. Application of this factor favors a finding of good faith.

   b. *Debtors' financial situation* – The Debtors' financial situation is now sufficient to allow them to maintain an average standard of living for themselves, and to complete the terms of the Chapter 13 Plan.

      (1) Debtor(s) have income from T-mobile.

   Furthermore, they have no extraordinary expenses and are not maintaining any expenses that are not necessary for their maintenance and support. Application of these factors favors a finding of good faith.

   c. *Period of time payment will be made* – The period of time in which payments will be made is reasonable and is based upon the Debtors' best efforts. Application of these factors favors a finding of good faith.

   d. *Debtors' employment history and prospects* – The Debtor(s)' income sources demonstrates that the proposed Chapter 13 Plan is feasible and in good faith. Application of these factors favors a finding of good faith.

   e. *Nature and amount of unsecured claims* – Likewise, the nature and amount of the Debtors' unsecured debt demonstrates their good faith.

      (1) Their unsecured, non-priority debts are estimated to be approximately $34,511.08 and are proposed to be repaid at 5.00%.

    f.  *Debtors' past bankruptcy filings* - The instant Motion is required due to the fact that the Debtors have filed more than one (1) bankruptcy case. However, the Debtors' bankruptcy history does not indicate a lack of good faith. The Affidavit attached hereto as Exhibit "A" describes fully the reasons that the previous case was dismissed. Debtor(s) incorporate such explanation herein by this reference. Debtor(s)' hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith

    g.  *Debtors' honesty in representing the facts* – The Debtor(s) have fully disclosed all assets, liabilities, and pertinent information regarding their personal and financial affairs. Application of this factor favors a finding of good faith.

    h.  *Any unusual or exceptional problems facing the particular Debtors* – There are no unusual or exceptional problems facing the Debtor(s). Application of this factor favors a finding of good faith.

18. Debtor(s) assert that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the Debtor(s) to advance the goals and purposes of chapter 13". See <u>Chaney</u> at 694. In support hereof, Debtor(s) assert the following additional arguments:

    a.  *The timing of the petition* - Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor(s)' actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

    b.  *How the Debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the

result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor(s) became unable to repay. Application of this factor favors a finding of good faith.

c. *The Debtor's motive in filing the petition* – Debtor(s)' motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

d. *How the Debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 8, *supra*. This factor will rarely favor a debtor as to the finding of good faith, because "filing for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

e. *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "A" describes fully the Debtor(s)' changes in circumstances and explains both the legitimate bases for the filing of this case as well as the Debtor(s)' ability to complete this case. Debtor(s) incorporate such explanations herein by this reference. Application of this factor favors a finding of good faith.

WHEREFORE, the Debtors respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor(s) and Debtor(s)' property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

                              Respectfully submitted,
                              Rita Faye Greenwood

                By:    /s/ Jessica Fellows
                              Jessica Fellows

America Law Group, Inc.
Debt Law Group
2800 N Parham Rd, Ste 100
Henrico, VA 23294
Phone: (804) 308-0051
Fax: (804) 308-0053

## CERTIFICATE OF SERVICE

I certify that on May 29, 2014, a copy of this Memorandum in Support of Debtor(s)' Motion to Continue the Automatic Stay was mailed via first-class mail, postage full pre-paid, to the Chapter 13 Trustee, Robert Hyman P.O. Box 1780 Richmond, VA 23219-1780, the United States Trustee, 701 E. Broad Street, Suite 4304, Richmond, VA 23219 and all creditors as set forth on the attached mailing matrix.

/s/ Jessica Fellows
Jessica Fellows, Esquire
Counsel for Debtor(s)

## LIST OF CREDITORS

**Atlas Acquisitions**
294 Union St
Hackensack, NJ 07601-0000

**Atlas Acquisitions LLC**
294 Union St.
Hackensack, NJ 07601

**Avon Products**
Collection Dep't
PO Box 105541
Atlanta, GA 30348-0000

**Cawthorn Picard Rowe Deskevich**
& Gavin
8310 Midlothian Turnpike
Richmond, VA 23235-0000

**Cawthorn, Deskevich & Gavin**
9701 Metropolitan Court,
Suite C
Richmond, VA 23236-0000

**Chaz Dean**
PO Box 361448
Des Moines, IA 50336-0000

**Cold Harbor Family Medicine**
7255 Hanover Green Dr
Mechanicsville, VA 23111-0000

**County of Henrico**
attn: Rhysa G South
PO Box 90775
Henrico, VA 23273-7032

**Eastern Account System**
Po Box 837
Newtown, CT 06470-0000

**Focused Recovery Solut**
9701 Metropolitan Ct Ste
North Chesterfield, VA 23236-0000

**Henrico Doctors Hospital**
PO Box 13620
Richmond, VA 23225-0000

**Internal Revenue Service**
Insolvency Unit
PO Box 21126
Philadelphia, PA 19114-0000

**Internal Revenue Service**
400 N 8th Street
Stop Room 898
Richmond, VA 23219-0000

**Jefferson Capital Systems**
PO Box 953185
Saint Louis, MO 63195-3185

**Lee Davis Mini Storage**
6052 Mechanicsville Tnpk
Mechanicsville, VA 23111-0000

**Metabnk/fhut**
6250 Ridgewood Roa
Saint Cloud, MN 56303-0000

**Midland Funding**
8875 Aero Dr
San Diego, CA 92123-0000

**National Credit Adjusters**
PO Box 3023
327 W 4th St
Hutchinson, KS 67504-3023

**Nco Fin /99**
Po Box 15636
Wilmington, DE 19850-0000

**North shore Agency**
9525 Sweet Valley Dr, Bldng A
Cleveland, OH 44125-0000

**Nrthn Resol**
Po Box 566
Amherst, NY 14226-0000

**Prestige Financial Svc**
Attn: Bankruptcy Department
Po Box 26707

Salt Lake City, UT 84126-0000

**Prof Pl Svc**
Attn: Crissy
Po Box 612
Milwaukee, WI 53201-0000

**Richmond Diabetes and Endocrin**
7229 Forest Ave
Richmond, VA 23226-0000

**Salute/utb**
Card Services
Po Box 105555
Atlanta, GA 30348-0000

**SCI**

P.O. Box 85005
Richmond, VA 23285-0000

**Sunrise Credit Services**
PO Box 9168
260 Airport Plaza
Farmingdale, NY 11735-0000

**Trident Asset Manageme**
5755 Northpoint Pkwy Ste
Alpharetta, GA 30022-0000

**Verizon Ny**
Attn: Bankruptcy Dept
Po Box 3397
Bloomington, IL 61702-0000

**Verizon Wireless**

PO Box 25505
Lehigh Valley, PA 18002-5505

**Virginia Department of Taxatio**
PO Box 2156
Richmond, VA 23218-0000

**Wellsfargo**
7711 Plantation Ro
Roanoke, VA 24019-0000

In the United States Bankruptcy Court
for the Eastern District of Virginia
Richmond Division

| | | |
|---|---|---|
| RE: | &#124; | |
| Rita Faye Greenwood, | &#124; | Chapter 13 Case |
| | &#124; | |
| *Debtor(s)* | &#124; | Number 14-32867-KRH |
| | &#124; | |

**Proposed
Order Granting Motion to
Continue Automatic Stay**

This matter came upon the Motion for Continuation of the Automatic Stay and the Memorandum in Support Thereof (the "Motion") was filed herein by Rita Faye Greenwood (the "Debtor(s)"); and

UPON CONSIDERATION WHEREOF, it appearing to the Court that the Debtor(s) filed this bankruptcy case on 5/23/2014 (the "instant case"), and an Order for Relief was entered; and

It appearing that the Debtor(s) has had one (1) prior Chapter 13 Bankruptcy case (the "prior case") pending within one (1) year prior to the filing of this case, which prior case was dismissed; and

It appearing that the Motion and a Notice of Hearing has been properly served upon all creditors and parties in interest; and

It appearing that the filing of the instant case was in good faith as to all creditors; it is, accordingly,

**ADJUDGED, ORDERED**, and **DECREED** that the automatic stay of 11 U.S.C. § 362(a) shall not terminate and is hereby extended without condition as to Debtor(s),

Debtor(s)' property, all creditors, and property of the bankruptcy estate throughout the pendency of this case; and it is further

ORDERED that the Clerk shall mail copies of this Order, once entered to all parties on the attached service list.

Date: _____

_____
United States Bankruptcy Judge

Entered on Docket: _____

I ask for this:

By:  /s/ Jessica Fellows
Jessica Fellows
Counsel for Debtor
America Law Group, Inc.
The Debt Law Group
2800 N Parham Rd, Ste 100
Henrico, VA 23294
Phone: (804) 308-0051
Fax: (804) 308-0053

## **CERTIFICATION**

Pursuant to Local Rule 9022-1(C), I hereby certify that all necessary parties have endorsed the above order.

/s/ Jessica Fellows
Jessica Fellows
Counsel for Debtor(s)